Good morning, everyone. Once again, I'm delighted to be sitting here with my Portland colleagues, my amazing colleagues, Judges Graber and Judge Song. This is the time and place set for argument in the case of Fenimore v. Lane County Republican Central Committee. Counsel for Appellants, please approach and proceed. May it please the Court, I am Julie Smith, appearing on behalf of Plaintiffs' Appellants Laura Fenimore and Brian Hubble, and I'm going to try to reserve three minutes for a rebuttal, please. Thank you, Counsel. Please be reminded that the time showing is your total time remaining. Thank you. Plaintiffs were elected in a state-run primary election to serve on the Lane County Republican Central Committee. When they tried to exercise their statutory rights to participate in and vote on Central Committee matters, they were excluded due to Ms. Fenimore's disability and then retaliated against for opposing the exclusion. This case fits squarely within the intended scope of the ADA, one of the express purposes of which is to break down the barriers to the political process. The question is, which title of the ADA does this case best fit under? Is it Title III or Title II? Could we explore those, Counsel? So Title II is for public entity? Correct. And so tell me how this gathering was of a public entity. It was a public entity because the ADA defines public entity to include a list of things, and then at the end of that list includes other instrumentalities of the state. Right. And the use of the term other invokes the doctrine, the statutory construction doctrine, of adjusdum generis. So that is a catch-all phrase that when that catch-all phrase appears in a statute, the court construes the term that follows based on what the commonality, the common characteristics of the terms that precede it. So the common characteristics of the terms that precede other instrumentalities is that they are all creatures of statute. That is the common characteristic. I think one of the main arguments in opposition to your position is that although the members of this entity, which is a statutory entity, are elected, they are elected only by members of one political party. Does that matter to the analysis? It does not, Your Honor. It does not matter to the analysis because that would be the case of many public bodies, including, like, a local service district. That would be only elected by the members of- Well, that's different because that's a geographic or occupational limitation and not a political party limitation. Are you aware of any other entities that are considered public entities but are voted on by reference to a non-geographic limitation? I am not aware of any that are not geographic limited. I can imagine that there are some that might be- Yeah, I think they probably most are geographic limited, but I don't see a discernible difference between what the qualifications are for the voters, whether it's based on political party or geography. I don't see a discernible difference in terms of what makes that a public entity for statutory construction purposes. Counsel, I have a question. So looking at Oregon Law ORS 248.0042, it says, when it talks about political parties, it says, a major or minor political party shall be treated for purposes of contractual tort or other liability as a non-profit corporation. And then 248.015 sub 7 says, a precinct committee person is not considered a public officer. So that, to me, indicates that the state of Oregon did not intend for political parties to be instrumentalities of this state. Why isn't that controlling? It's not controlling because the statutory construction question is a statutory construction under the ADA. So the question is whether under the ADA it meets the definition of an instrumentality of the state. But don't we use state law to determine whether-because you-don't we have to look at state law to determine what the state has designated as its instrumentality? I don't think so. Not if the ADA-not if you construe the ADA to mean that an instrumentality is a creature of statute. It doesn't matter what state law says if the ADA is written broader. And to give you an example, if state law said that public service districts are not public bodies, they're expressly included in the definition of the ADA as a public entity. So, of course, despite the state law expressly saying that a public service district is not a public body, it would fall squarely. But we don't have-that's not what we have here. It isn't what we have here, but that's the example I would give as we're not looking at- we're not construing Oregon law, we're construing the ADA. So the question is what is- That's not entirely true because you've been relying on Oregon law to say that political parties are created by the state. So I think that that same Oregon law indicates that the state had no intent for political parties to be an instrument. And I think it's-to me, there's-the political parties are in character different from, you know, a state agency, a special district, where the state actually exercises some control over those entities. Do you have any indication that the state treats political parties like instruments of the state? Well, I think that circles back to what is an instrument under the ADA. And if you look at the common characteristics of the listed items, the state does not have control over public service districts either. So that is a listed item. So control is not an element of-if you use a Judaism generous to interpret what instrumentality means for purposes of the ADA, not in the abstract, but for purposes of the ADA, the ADA does not incorporate a degree of control in its definition of instrumentality because otherwise public service districts would not fall under the ADA because the state doesn't have control over local public service districts either. They're autonomous. So the control is not a requirement. So I think it shouldn't matter for purposes of the ADA what the state views the entity to be. The question is how does the ADA define instrumentality. But how can you say that when you said it's important that the entity was recreated by state law? Well, it was created by state law. It's a creature of statute. Yeah, you're relying on state law to say that. But that's different. Saying that it was created by statute does not mean that it is defined by statute as a public entity. Those are two different things. It still can be a creature of statute. Why wouldn't any organization that can't be created unless it conforms to state laws, requirements for how they come into being, like a nonprofit or a corporation, why wouldn't they then all be public entities under your interpretation? This is different in the respect that this is something that is actually like this has a public purpose. It is not just, I guess it's more than just a creature of statute. It serves a public purpose of the orderly and fair election process. So it's not just a creature of statute. It also serves a public purpose. And I see that I'm in my rebuttal time. Let me just ask you this question. Does it matter that this event took place at someone's home? Does it matter that? No, it does not matter that this particular event occurred in someone's home if we're talking about, if we're moving into the Title III question? Well, no, Title II or Title III. I just, for Title II, the fact that it's in a private home, would that preclude coverage under ADA? No. Under Title II? Why not? Because there's still a public entity under Title II. There's still a public entity regardless of whether this occurred. So if the city council had an official meeting at someone's home, it would still be a public entity? Right. It would still be a public meeting. Correct. What if the state created an art commission to educate the public about the importance of art, and that art commission met at someone's home? Would that home have to be ADA compliant? If it's a public entity, yes. So if the state created the art commission, then you would say that's a public entity, and if they met at someone's home, that home would have to be ADA compliant? Yes. Okay. And I'll preserve the rest of my time for rebuttal, if that's okay. Thank you. Thank you. May it please the Court, James Bugle representing the Lane County Republicans, Mr. Large, whose front yard was used, and two other people who were there and didn't like the bumper stickers on Ms. Fenimore's van. I'd like to focus on Title III. What does that have to do with this case that they didn't like the bumper stickers? Because the plaintiffs alleged that the remarks about the bumper stickers were actually a disguised form of discrimination and retaliation. Well, counsel, for purposes of our decision, we have to take the complaint as true because it was dismissed. So I think I'm having the same difficulty as Judge Rawlinson seeing the relevance of what people's motivations actually were. Understood. My purpose in referencing that is primarily to say that for discrimination or retaliation to occur, we have to be dealing with some type of entity that is a covered entity. And the fact that you have somebody, an individual, who's standing there and makes a remark, that person cannot retaliate or discriminate as a matter of law because they have no power. Let's go to the main claim, which is that the meeting location was inaccessible and the whole home wouldn't have to be accessible, but presumably there would have to be some way for a disabled individual to attend a meeting of a public entity of which they were a part if they are a public entity. So why isn't this a public entity? It's not the Republican Party. It's the committee that is formed pursuant to state law. So why doesn't that have the same or similar character to other public entities that are listed in the ADA? Because the word instrumentality is in the APA, and the essential character of an instrumentality is something that is controlled by the overlord state, so to speak, and furthers the state purposes and is created by the state for those purposes. The Republican Party was not created by the state of Oregon. County Republican Parties were not created by the state of Oregon. It is a form of regulation of statutes. So, counsel, if there's an independent body created by state law, let's say a state analogy to the National Labor Relations Board, which is independent, it's not overseeing its decisions or its decisions, would that be a public entity even though it operates independently? I don't know what independently means in this context. These commissions are- There are many state instrumentalities that are independent of the type of regulation that you're talking about, are there not? There are many state entities like the Irrigation District that's created under state law, and it is not directly controlled by the governor, although there are many statutes relating to control of special purpose districts. But these things are created under state law to advance particular public purposes. Parties are fundamentally different in character because they are created entirely outside of the state. The state then- Of course they are, but this is not against the party. It's against the committee, which is not per se the party. I can't see that distinction because this Court's precedence in the, I don't know how to pronounce it, EU case and others established that all of these statutes, which are entirely optional and adopted as a matter of convenience so that the party can get the elections run through the election, all of these statutes are a form of regulation. And the state is- Well, what is more central to the operation of government than elections, which are specifically mentioned in the ADA as one of the purposes? Elections are clearly central, and election places and where people go to vote has to be open to the public and has to be ADA compliant. Parties are private entities, and they exist outside the government to attempt to control the government. And so they are not in any sense instrumentality of the state, even if the state passes- But counsel, so what is the difference between the party and this committee? The party is not a defendant here. The committee is a defendant here. The committee is a piece of the party. It is the county-level organization of the party. It's made up of elected individuals who happen all to be members of the same political party. It's not a matter of happens to. They have to be in order. Well, yes, that's right, but they're elected by all the voters in Lane County. All the Republican voters in Lane County who choose to show up elect these individuals- Right. In their respective geographic locations. Correct? And the party is a voluntary organization. There are no elections. There's nothing on the ballot. We just had ballots with precinct committee persons listed in them. You can be a member of a political party without being elected to do so, correct? Yes. But you can't be a member of this committee or a similar committee without having been elected as a precinct committee person by voters, correct? I would deny that in the sense that the party acquiesces in these forms of regulation for convenience, but there are fundamental limits on the power of the state dealing with the First Amendment and rights of association, which are dealt with in this EU case and the others, that say the state can't get in and control internal party operations because a party is something fundamentally different in character. The state can set up a special purpose district any way it wants. The state cannot regulate parties any way it wants because they are different and they are not instrumentalities. And the party is not a defendant in this case. The Republican Party is not a defendant in this case. The committee is a defendant in this case. The committee is a piece of the party. I mean, that's who goes to the conventions. But it's a separate entity, correct? It's a separate entity. What should I make of ORS, counsel? What should I make of ORS 248031, which says, the precinct committee persons of the county shall constitute the county central committee of their party. The county central committee of each major political party is the highest party authority in county party matters and may adopt rules or resolutions for any matter of party government within the county, which is not controlled by the laws of this state. I see that as a statute that was passed to essentially ratify what the parties were doing, and it's entirely optional. If the parties decide that they want to have one guy who is the Republican super chairman who can appoint all these county committees, the party can do that and there's nothing the state can do about it because the party is a different kind of thing. You're talking about the opt-out provision, right? Yeah. I guess this one is different from the opt-out provision, which I think it seems to me that they're saying that the precinct committee persons form the central committee and county central committee is essentially an authority of a political party. And what I'm not sure what to do with is the last clause of may adopt rules or resolutions within the county, which is not controlled by the laws of this state. I guess I'm not sure what part is the last clause is modifying. Is it the county? Well, again, county is not controlled by the laws of the state, or is it the party matters that are not controlled by the laws of the state? I'm not sure if that's all significant for the purposes of the conversation we're having about what the difference is between the committee and the party itself. But if the committee persons are the authority of the party, I'm not sure there is a lot of difference in my mind between the two. We would focus on basically the statutory language here, and the statutory language talks about departments, special purpose districts, and instrumentalities. And instrumentality is a word that has a long and definite meaning in terms of something that is controlled by and is used by, and the state is not using the Republican Party. The Republican Party is something different in character from all these other things, and so that's why it's not properly seen as a public entity. What is your response to the argument that it is being used for the purpose of irrationally organizing general elections and primary elections in the state? I would say that it is not being used. It has, as a private entity, elected to accept something from the state, free elections essentially. The state will run its elections for it, and so because the state will run its elections for it, there's some state rules describing how that works. But the party could also have its elections entirely, there's a lot of litigation on this now actually in connection with the current election because there are parties that didn't manage to comply with the state laws, and so they're going out and they're holding, here's a new party rule, we're going to pick our candidates this way, you know, state law this way or not. And the answer is, as a matter of the First Amendment, they have this power, they are separate and distinct from the state, and this power that they have. I understand your answer, but I don't think it actually responds to my question, which is when a party does not opt out but has its precinct committee persons elected on the ballot that we just got a few weeks ago and creates this committee, isn't there a public purpose to having the committee structure in order to rationalize elections within the state? Not that it's required, but that it has that as a purpose. I can't argue that there's a public purpose there. I can only kick you back to the Justice Department manual which says, are these people in this entity, does the government pay their salaries? No. Does it provide any cash or equipment to these? No. Can it hire or fire them? No. Every factor in the Justice Department's guidelines for how to determine a public entity is just not established here. Okay. You don't have to answer my question. That's fine. All right. Thank you. Thank you. Let's give two minutes for a rebuttal. Thank you. I just want to circle back to my opening remarks, which are that this is really about protecting voting rights, and it's about protecting voting rights in two ways. The first is that that's why Oregon enacted these local committee statutes. And that's actually even recognized by the U.S. Supreme Court in the U case where the court recognized that the public benefits from these local central committees, that these committees are there to preserve the integrity of the election process, ensure fair, honest, and orderly elections. And then I want to say that the other point I want to make about voting rights is that the ADA was enacted to protect voting rights. And to the extent this court finds that the meaning of instrumentality is ambiguous, I think the court can rely on the overall intent of Congress in enacting the ADA in resolving that ambiguity in this case and in protecting plaintiffs' voting rights. Thank you. All right. Thank you, counsel. Thank you to both counsel for your helpful argument. The case is submitted for decision by the court. We will be in recess for 10 minutes. All rise.
judges: GRABER, RAWLINSON, SUNG